**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TROY STEVE | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | |
| FCA US LLC, ORLANDO GONZALEZ, | § | |
| INDIVIDUALLY AND D/B/A GONZALEZ | § | |
| TRUCKING AND GONZALEZ TRUCKING | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## <u>NOTICE OF REMOVAL</u>

1.      Defendant FCA US LLC hereby removes to this Court, in accordance with 28 U.S.C. § 1452, an action pending in the 37th Judicial District Court, Bexar County, Texas, Case No. 2018CI19044 ("the Action"). Plaintiff's claims against FCA US concern the design, manufacture, and sale of a 2007 Chrysler Aspen. However, FCA US did not design, manufacture, or sell the subject vehicle, and FCA US is not a successor of any entity that did. Rather, FCA US purchased assets of Chrysler LLC, a bankrupt entity, which was the successor in interest to the manufacturer of the subject vehicle. Any potential liability of FCA US for Plaintiff's claims relating to the subject vehicle, if proved, would arise solely from the terms of orders of the Bankruptcy Court, which approved the asset purchase and set forth the limited liabilities contractually assumed by FCA US. Because the interpretation and enforcement of the Bankruptcy Court's orders are at issue, this civil proceeding arises under title 11—the United States Bankruptcy Code—or arises in or relates to a case under title 11. Therefore, this Court has original jurisdiction over the Action under 28 U.S.C. § 1334(b), and the Action is removeable to this Court under 28 U.S.C. § 1452(a).

## I.    BACKGROUND

### A. The Claim and Plaintiff's Improper Attempt to Hold FCA US Liable for the Acts or Omissions of a Bankrupt Entity.

2.      Plaintiff filed this Action on October 2, 2018, in the 37th Civil District Court, Bexar, County, Texas. *See* Pet., attached as Ex. 1. FCA US first received a copy of Plaintiff's Original Petition on October 25, 2018. *See* Service of Process Transmittal, attached as Ex. 2.

3.      The Petition alleges that Plaintiff, Troy Steve, was injured in a motor vehicle crash on February 23, 2018, while operating a 2007 Chrysler Aspen in Atascosa County, Texas. Pet., Ex. 1, ¶ 5.1. Asserting a product liability claim against FCA US, Plaintiff alleges, among other things, that "FCA manufactured the subject vehicle," "FCA designed the subject vehicle," "FCA placed the subject vehicle in the stream of commerce," *id.* ¶¶ 3.1-3.3, and "at the time the subject vehicle was sold, the defective design caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of such vehicles." *id.* ¶ 6.6. Plaintiff further alleges "[t]he defective and unreasonably dangerous design of the vehicle was a producing cause of the injuries and damages of Plaintiff." *id.* ¶ 6.6.

4.      However, FCA US did *not* design, develop, manufacture, assemble, market, or sell the 2007 Chrysler Aspen, as FCA US did not exist until April 30, 2009. *See* Certificate of Formation, attached as Ex. 3. Nor, for purposes of establishing liability in a products liability case, is FCA US a successor of any entity that did. *See* Order of June 1, 2009, *In re Chrysler LLC*, Case No. 09-50002, attached as Ex. 4, at 40, ¶ 35. Rather, FCA US purchased assets of Chrysler LLC, a bankrupt entity, which was the successor in interest to the manufacturer of the 2007 Chrysler Aspen.[1] *See id.* Accordingly, FCA US's liability for claims relating to the 2007 Chrysler Aspen, if any, would arise solely out of the asset purchase agreement approved by the Bankruptcy Court.

---

[1]    The manufacturer of the vehicle that is the subject of this Action is Chrysler Corporation. In 1998, the name of Chrysler Corporation was changed to DaimlerChrysler Corporation. In 2007, DaimlerChrysler Corporation was converted to a limited liability company and renamed DaimlerChrysler Company LLC. DaimlerChrysler Company LLC was later renamed Chrysler LLC.

*White v. FCA US, LLC*, 579 B.R. 804, 811 (E.D. Mich. 2017) ("Were it not for the MTA, the plaintiffs would have to bring their claim as an adversary proceeding in Old Chrysler's bankruptcy case.").

### B. The Chrysler LLC ("Old Chrysler") Bankruptcy in 2009

5.      On April 30, 2009, Chrysler LLC (subsequently named Old Car LLC) and 24 of its affiliated entities (collectively, "the Debtors" or "Old Chrysler"), filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York. *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.). On May 19, 2009, the Debtors and a newly formed independent entity, now known as FCA US,[2] entered into a Master Transaction Agreement. Under the terms of the MTA, FCA US purchased substantially all of the Debtors' assets but assumed only *certain* of their liabilities. *See* MTA, selected portions attached as Ex. 5.

6.      The Bankruptcy Court approved the MTA and the sale by entering its Sale Order of June 1, 2009, which authorized the sale of substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances. *See* Order of June 1, 2009, Ex. 4. The asset sale to FCA US closed on June 10, 2009.

7.      In the Sale Order, the Bankruptcy Court limited the liability of FCA US to only those liabilities of the Debtors that were expressly assumed. With limited exceptions, FCA US did not assume liability "for any claim that . . . relates to the production of vehicles prior to the Closing Date or [] otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the closing date." Order of June 1, 2009, Ex. 4, ¶ 35. Additionally, FCA US was *not* to be a legal successor or a continuation of, and did not merge with, the bankruptcy Debtors. *Id.* The Bankruptcy Court specifically ordered that FCA US would "not have any successor, derivative or vicarious liabilities of any kind . . . for any Claims, including . . . products or antitrust liability." *Id.*

---

[2]      The party to the MTA was New Carco Acquisition LLC. On June 10, 2009, New Carco Acquisition LLC changed its name to Chrysler Group LLC. Effective December 15, 2014, Chrysler Group LLC changed its name to its current one, FCA US LLC—the party filing this notice of removal.

8.     On November 19, 2009, the Bankruptcy Court entered another order approving an amendment to the MTA that modified the scope of FCA US's assumed liabilities and expressly insulated FCA US from liability for "any claim for exemplary or punitive damages." Order of Nov. 19, 2009, *In re Chrysler LLC*, Case No. 09-50002 (Bankr. S.D.N.Y.), attached as Ex. 6.[3]

## II.    BASIS OF REMOVAL

9.     Federal district courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *Wellness Wireless, Inc. v. Infopia Am., LLC*, 606 F. App'x 737, 739 (5th Cir. 2015). Wherever federal jurisdiction exists under Section 1334, a "party may remove any claim or cause of action . . . to the district court where such civil action is pending." 28 U.S.C. § 1452(a).

10.     Under Section 1334, proceedings "arising under" title 11 involve causes of action "created or determined by a statutory provision of title 11." *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987) (citation omitted). Similarly, proceedings "arising in" bankruptcy cases are proceedings that "would have no existence outside of the bankruptcy." *Id.* at 97. Proceedings that "arise under" title 11 or "arise in" a bankruptcy case are also known as "core proceedings." *Stern v. Marshall*, 564 U.S. 462, 476 (2011); *see also In re Wood*, 825 F.2d at 97.

11.     A proceeding is said to more broadly "relate to" a bankruptcy proceeding under Section 1334 when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Galaz*, 665 F. App'x. 372, 375 (5th Cir. 2016). (citations omitted).

12.     For the reasons that follow, federal jurisdiction exists because this case arises under and relates to the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*.

---

[3]   As used in this Notice of Removal, the Bankruptcy Court's June 1, 2009 Sale Order (approving the MTA) and November 19, 2009 Order (approving Amendment No. 4 to the MTA) are referred to collectively as "Sale Orders."

**A. This Court has jurisdiction under 28 U.S.C. § 1334(b) because the Action "arises under" title 11 or "arises in" a bankruptcy case.**

13.     As noted, the district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Cases that involve the interpretation of a bankruptcy order arise under title 11 and are considered core proceedings. *In re Martinez*, No. 00-40412, 2000 WL 34508398, at *1 (5th Cir. Oct. 5, 2000); *see also In re Allegheny Health, Educ. and Research Found.*, 383 F.3d 169, 175–76 (3rd Cir. 2004) (upholding determination "that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders"); *In re Millennium Sea Carriers, Inc.*, 458 F.3d 92, 95 (2nd Cir. 2006) (holding that a request for the bankruptcy court to enforce a sale order constitutes a core proceeding); *see also In re Karykeion, Inc.*, No. 12-1363, 2013 WL 1890626, at *3 (B.A.P. 9th Cir. May 6, 2013) (holding that "as this adversary proceeding turned on the interpretation of agreements approved by and incorporated into a [bankruptcy] sale order, it was a core matter").

14.     Relatedly, bankruptcy courts themselves have the power and jurisdiction to interpret and enforce their own orders.[4] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986) ("Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner."). Accordingly, in this case, the Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce the terms and provisions" of its Sale Orders "including to . . . protect the Purchaser [FCA US] against any Claims." *See* Order of June 1, 2009, Ex. 4, ¶ 59. The Bankruptcy Court also expressly retained jurisdiction "over all matters or disputes arising out of or in connection with" its subsequent Order

---

[4]     This is true even if the underlying bankruptcy case has closed. *In re Williams*, 256 B.R. 885, 892 (8th Cir. 2001) ("It is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.").

approving Amendment No. 4 to the MTA. *See* Order of Nov. 19, 2009, Ex. 6, ¶ 2. However, before a bankruptcy court can assume jurisdiction over a state-law action as described above, the action must first be removed to the federal district court encompassing the state court venue pursuant to § 1334(b). *See* 28 U.S.C. § 157(a) ("Each district court may provide that any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").

15.     As noted above, contrary to Plaintiff's allegations, FCA US did not design, develop, manufacture, inspect, test, sell, market, or distribute the 2007 Chrysler Aspen. Rather, the subject vehicle was designed and sold by the now-defunct Chrysler Corporation years before FCA US came into existence. *See* Certificate of Formation, Ex. 3. Plaintiff ostensibly seeks to impose liability upon FCA US for alleged actions that, if true, would be properly attributable of the bankrupt Debtors. *See* Sale Orders, Exs. 4 & 5. But for the Bankruptcy Court's issuance of the Sale Orders, no basis would exist for *any* claim to be asserted against FCA US for *any* liabilities incurred by the bankrupt Debtors.[5] *Id*; *White*, 579 B.R. at 811. Accordingly, any claims Plaintiff asserts against FCA US for the alleged actions of the bankrupt Debtors necessarily implicate and require judicial interpretation of the Sale Orders entered in *In re Old Carco LLC (f/k/a Chrysler LLC)*.

16.     Indeed, interpretation of the very Sale Orders at issue in this case has been found to constitute a "core proceeding" arising in the bankruptcy by the Bankruptcy Court for the Southern District of New York—the court that issued those orders. *See* Order Granting Defendant's Motion to Dismiss, *Wolff v. Chrysler Group LLC*, Ad. Proc. No. 10-05007 (Bankr. S.D.N.Y, J. Gonzalez, July 30, 2010) (Bankruptcy Court holding that a claim asserted against FCA US [then known as Chrysler Group LLC] and removed from state court and transferred to

---

[5]     FCA US does not concede that the Sale Orders provide a basis for the specific claims asserted by Plaintiff in the present action.

the Bankruptcy Court was a core proceeding as it was "ancillary to the Sale Order"), attached as Ex. 7.

17.     Federal district courts around the country have reached the same conclusion, finding that interpretation and enforcement of the Sale Orders constitutes a "core proceeding" subject to bankruptcy jurisdiction. *See, e.g.*, *Daniels v. FCA US, LLC*, No. 4:17-02300-AMQ, 2018 WL 3587004, at *5 (D.S.C. July 26, 2018) (finding jurisdiction proper under Section 1334(b) and denying remand because the plaintiff "would not have been able to assert [his claims] against FCA except for the bankruptcy"); *White*, 579 B.R. at 811 (finding that "the state case 'arises in' and 'relates to' the bankruptcy, because (1) FCA did not exist when the 2003 Jeep was made and was not the entity that designed or manufactured the Jeep; (2) FCA's liability for the claims pleaded in the complaint necessarily derives from the bankruptcy sale agreement and order confirming that sale that was entered in the bankruptcy case; and (3) in order for the case to proceed at all, the plaintiff must begin by showing that FCA assumed liability for the claims pleaded"); *Powell v. FCA US LLC*, No. 3:15-cv-393, 2015 WL 5014097, at *4 (M.D. Ala. Aug. 21, 2015) ("Before any court considers the merits of the case, it will first have to interpret the scope of the Sale Order as applied to the Plaintiffs' claims. Therefore, the court finds that the case 'arises in' a bankruptcy case and that it is a core proceeding. There is proper jurisdiction under § 1334(b) [and] removal was proper under § 1452[.]"); *Martin v. Chrysler Group LLC*, No. 6:12-cv-00060, 2013 WL 5308245, at *4 (W.D. Va. Sept. 20, 2013) (finding that bankruptcy jurisdiction existed because the plaintiffs' claims "would not exist 'but for' the Sale Order"); *Quesenberry v. Chrysler Group, LLC*, No. 12-cv-480-ART, 2012 WL 3109431, at *4 (E.D. Ky. July 31, 2012) (finding case to be a core proceeding because it involved "the interpretation and enforcement of the Bankruptcy Court's Sale Order and Purchase Agreement"); *Monk v. Chrysler Group, LLC*, No. 1:09-cv-2511, 2009 WL 4730314, at *4–5 (N.D. Ga. Dec. 3, 2009) (finding that "[i]ssues raised in the present action require interpretation and application of the Sale Orders" and that "these threshold issues need to be resolved by the Bankruptcy Court").

18.     Here, because any liability of FCA US derives from its purchase of assets from the bankruptcy estate of the subject vehicle's designer and manufacturer, Plaintiff's case against FCA US arises under title 11 and arises in a bankruptcy case. Further, Plaintiff asserts claims against FCA US based on alleged acts or omissions regarding the design, manufacture, sale, and warnings of the 2007 Chrysler Aspen, Pet., Ex. 1, at 10-11, even though the MTA approved by the Bankruptcy Court expressly excludes liability of FCA US for the acts or omissions of Chrysler Corporation, MTA, Ex. 5, § 2.09(j).

19.     Therefore, FCA US's liability, if any, for the claims pleaded in the complaint necessarily derives from the bankruptcy Sale Orders, and Plaintiff's individual claims against FCA US are expressly barred by—and thus require interpretation of—those orders. *See, e.g.*, Minute Entry Granting Judgment on Pleadings, *Mares v. Chrysler Group, LLC*, No. GC044931 (Super. Ct. Cal. Oct. 5, 2012) (finding that "a plain reading" of the MTA and its amendments "excludes liability for negligence" and dismissing claims for negligent product liability, failure to warn, failure to recall, and negligent infliction of emotional distress), attached as Ex. 8; Memorandum Decision Granting Defendant's Motion for Summary Judgment, *Ricks v. New Chrysler Group LLC*, Ad. Proc. No. 12-09801-SMB (S.D.N.Y. Bankr. May 2, 2013) ("New Chrysler did not assume any liabilities based on fraud or fraudulent practices . . . ."), attached as Ex. 9; *Dearden v. FCA US LLC*, No. 5:16-cv-00713-JFL, 2017 WL 1190980, *3 (E.D. Pa. March 31, 2017) (holding that determination of whether the plaintiff's "punitive damages request is barred by the bankruptcy court's orders necessarily requires interpretation of the Sale Order" and finding that FCA US "expressly excluded liability for punitive damages" in cases involving vehicles manufactured and sold by Old Chrysler).

### B. This Court also has jurisdiction because the Action "relates to" a bankruptcy case.

20.     Federal district courts' "jurisdiction over proceedings 'related to' the bankruptcy case is quite broad." *In re Greektown Holdings, LLC*, 728 F.3d 567, 577 (6th Cir. 2013) (citing

*Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (1995). Thus, even if this case were not held to directly "arise in" the bankruptcy proceedings, Section 1334(b) would still confer federal jurisdiction over this case as it inarguably "relates to" a bankruptcy case.

21.     A case is "related to a bankruptcy proceeding if 'the outcome could *conceivably* have any effect on the estate being administered in bankruptcy.'" *In re Galaz*, 665 F. App'x 372, 375 (5th Cir. 2016) (citations omitted). Here, Plaintiff seeks to hold FCA US accountable for alleged defects in a vehicle that was designed and manufactured by Chrysler Corporation. The Sale Orders act to transfer only certain liabilities of the manufacturer to FCA US. Were it not for the Sale Orders, Plaintiff would have to bring his claims as an adversary proceeding in the bankruptcy case, and a successful judgment would merely make Plaintiff an unsecured creditor of the bankruptcy estate's assets. *See White*, 579 B.R. at 811 ("The plaintiffs here seek to hold FCA accountable for defects in a vehicle that was manufactured by Old Chrysler. Were it not for the MTA, the plaintiffs would have to bring their claim as an adversary proceeding in Old Chrysler's bankruptcy case. A successful judgment likely would make the plaintiffs unsecured creditors of Old Chrysler, who would share with other such creditors in the estate's assets, if any.")

22.     Therefore, a threshold question underlying all of Plaintiff's claims against FCA US in this litigation is whether the Bankruptcy Court ordered FCA US to assume the specific liabilities that Plaintiff asserts as to the specific vehicle described in Plaintiff's Petition. Regardless of the answer, the question itself requires the Court to construe the Bankruptcy Court's Sale Orders. The Court's construction, in turn, will necessarily have an effect on the bankruptcy estate. Accordingly, this Court has jurisdiction because Plaintiff's claims "relate to" the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*.

23.     In sum, the fact that FCA US could be liable for alleged defects in a Chrysler Corporation vehicle, if at all, *only* because of the bankruptcy means this case arises under title 11, arises in a bankruptcy case, or relates to a bankruptcy case. This Court therefore has original jurisdiction under 28 U.S.C. § 1334(b). Further, this Court also has supplemental jurisdiction under

28 U.S.C. § 1367 of all other claims asserted in Plaintiff's Petition because they all involve a "common nucleus of operative fact." *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also* 28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Removal to this Court is therefore proper under 28 U.S.C. § 1452.

### III.   PROCEDURAL REQUIREMENTS

24.    The filing of this notice of removal is timely, as it is filed within 30 days of receipt of Plaintiff's Petition. *See* 28 U.S.C. § 1446(b)(2)(B); Service of Process Transmittal, Ex. 2.

25.    Because this matter is being removed pursuant to 28 U.S.C. § 1452, consent of the other defendants is not required. *Compare* 28 U.S.C. § 1446(b)(2)(A) (requiring the consent of all defendants "when a civil action is removed solely under section 1441(a)") *with* 28 U.S.C. § 1452 (containing no such consent requirement); *see also Cal. Pub. Employ Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) ("[R]emoval under that provision [28 U.S.C. § 1452], unlike removal under Section 1441(a), does not require the unanimous consent of the defendants."); *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011) (same); *Cal. Pub. Emps.' Ret. Sys. v. Wachovia Capital Mkts., LLC*, 2009 WL 414647, *2 n.1 (W.D. Pa. Feb. 18, 2009).

26.    Venue is proper in this Court because the United States District Court for the Western District of Texas is the district court embracing the place where the Action is pending: Bexar County, Texas. *See* 28 U.S.C. §§ 82, 1452(a).

27.    In Compliance with Local Rule CV-3, a Supplement to JS 44 Civil Cover Sheet is attached as Ex. 10.

28.     A copy of this notice of removal is being filed with the clerk of the state court from which this action has been removed, and is being served upon all parties, in accordance with 28 U.S.C. § 1446(d).

29.     A copy of the State Court Docket sheet is attached as Ex. 11.

### IV.     CONCLUSION

29.     This Court has original jurisdiction over the Action under 28 U.S.C. § 1334(b), and the Action is removable to this Court under 28 U.S.C. § 1452(a). Removal is timely, and all formal requirements for removal jurisdiction have been met. Defendant FCA US LLC respectfully removes this Action from the 37th Civil District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas for all future proceedings.

DATED: November 21, 2018

Respectfully submitted,

*/s/ Fred C. Huntsman*
**KURT C. KERN – Lead Counsel**
State Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**FRED C. HUNTSMAN**
State Bar No. 24041155
Fred.Huntsman@bowmanandbrooke.com
**KATHERINE H. CALHOUN**
State Bar No. 24097792
Katherine.Calhoun@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Telephone:     972.616.1700
Facsimile:     972.616.1701

**ATTORNEYS FOR DEFENDANT**
**FCA US LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of November, 2018, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.


*/s/ Fred C. Huntsman*